

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 22, 1949

Hon. Geo. W. Cox, M.D.    Opinion No. V-891.
State Health Officer
Department of Health    Re: The necessity for a county
Austin, Texas                and city health officer to
                          take a new oath of office
                          and file copy of his ap-
                          pointment and oath with the
                          State Health Department up-
Dear Sir:               on reappointment.

        Reference is made to your request for an opin-
ion relating to city and county health officers' filing
new oaths of office and copies of appointment with the
State Board of Health every two years, wherein you pre-
sent the following questions:

        "(1)  Is it mandatory that the county
health officer, if re-appointed, file a new
oath of office and copy of appointment with
the State Board of Health every two years, or
would the filing of the original oath of of-
fice and copy of appointment comply with this
Article."

        "(2)  Is it mandatory that the city
health officer, if re-appointed, file a new
oath of office and copy of appointment with
the State Board of Health every two years, or
would the filing of the original oath of of-
fice and copy of appointment comply with this
Article."

        Article 4423, V.C.S., is as follows:

        "The commissioners court by a majority
vote in each organized county shall biennial-
ly appoint a proper person for the office of
county health officer for his county, who
shall hold office for two years.  Said coun-
ty health officer shall take and subscribe to
the official oath, and shall file a copy of
such oath and a copy of his appointment with
the Texas State Board of Health; and, until
such copies are so filed, said officer shall

not be deemed legally qualified. Compensation of said county health officer shall be fixed by the commissioners court; provided, that no compensation or salary shall be allowed except for services actually rendered."

Article 4425, V.C.S., is as follows:

"The governing body of each incorporated city and town within this State shall elect a qualified person for the office of city health officer by a majority of the votes of the governing body, except in cities which may be operated under a charter providing for a different method of selecting city physicians, in which event the office of city health officer shall be filled as is now filled by the city physician, but in no instance shall the office of city health officer be abolished. The city health officer, after appointment, shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health, and shall not be deemed to be legally qualified until said copies shall have been so filed."

The Articles in question contemplate that a county health officer shall hold office for two years and a city health officer shall be elected for a term of two years. Inasmuch as the tenure of office is for two years, the construction placed upon said Articles by this office is that the county and city health officer must take and subscribe to the official oath every two years and shall file the same together with a copy of their appointments with the Texas State Board of Health.

Section 17, Article XVI of the Constitution of Texas provides:

"All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

This section has been held applicable to a city health officer and that such officer is entitled to continue in office and perform the duties thereof

after his successor has been elected, legally appointed and qualified. <u>Black v. Lambert</u>, 235 S.W. 704 (Tex. Civ. App. 1921, error ref.). The same rule is applicable to county health officers. However, Articles 4423 and 4425 contemplate that when a county health officer or a city health officer is reappointed at the expiration of his term of office that he shall "take and subscribe to the official oath of office and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health."

The Legislature made the filing of these copies with the State Board of Health a condition precedent to the qualifications of county and city health officers, evidently for the purpose of enabling the Board and its executive head, the State Health Officer, to know at all times the names of all the county and city health officers within the State. Other statutes disclose the importance of such information to the Board and State Health Officer.

In answer to your questions you are advised that the statutes contemplate that a county or city health officer will take the prescribed official oath and forward a subscribed copy thereof, together with a copy of the order of appointment, to the Texas State Board of Health. Such health officers are reputable physicians and interested in the public health of the people of this State, and they will undoubtedly cooperate with you in this matter when they are advised that such procedure is to be followed.

<u>SUMMARY</u>

The county health officer and the city health officer who are reappointed should take and subscribe to the official oath every two years and file copies thereof, together with copies of their orders of appointment, with the Texas State Board of Health.

Yours very truly,

APPROVED

Price Daniel
ATTORNEY GENERAL

BW:mw:bh

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Burnell Waldrep
Assistant